## THOMPSON v. NORTHERN PAC. R. CO.

### (Circuit Court of Appeals, Ninth Circuit. October 1, 1900.)

### No. 597.

APPEAL—REVIEW—INSTRUCTIONS.

Where the charge of the court, as a whole, fairly presented to the jury the law applicable to the evidence, isolated sentences will not be considered by the appellate court, apart from their context, for the purpose of determining assignments of error thereon.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

William Martin, for plaintiff in error.

Crowley & Grosscup, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This was an action for personal injuries alleged to have been sustained by Thomas A. Thompson, in whose behalf the action was brought by his guardian, by reason of the negligent operation of an engine on the railroad of the Northern Pacific Railroad Company. The case has once before been here, and is reported in 35 C. C. A. 357, 93 Fed. 384. The accident occurred on a bridge of the railroad company, constructed on Hood street, in the city of Tacoma, at its intersection with Fifteenth street. The bridge is built over Fifteenth street at such a height as to admit of the passage of teams, as well as foot passengers, under it. On its top were constructed three railroad tracks, separated by a solid wood fence about three feet high, extending the entire length of the bridge. Along the tracks that crossed the bridge, people were accustomed to travel on foot, with the knowledge, acquiescence, and license of the railroad company. Plaintiff in error had for many months prior to his injury been accustomed to pass along them in going to and from his work. He knew that trains and engines of the company were constantly passing over the tracks, and consequently that it was a place of danger. The accident occurred as he was going to his work one morning about 7 o'clock. A number of workmen were crossing the bridge at the time, and one—a man named Larson—was walking with plaintiff in error, but on another track. The plaintiff was walking along the left side of the middle track when he was struck. The engine that inflicted the damage approached from his rear. The evidence is decidedly conflicting as to whether warning of the approach of the engine was given by those in charge of it, and there is also some conflict in the evidence in other respects. Upon the first trial the trial court directed the jury to render a verdict for the defendant. The judgment was reversed for that reason, the court here holding that the case was one that should have been submitted to the jury under appropriate instructions. Upon the last trial the case was so submitted, and resulted in a verdict for the defendant, and is now brought here by writ of error solely because of alleged errors in the giving and refusal to give cer-

tain instructions. We have attentively read the instructions of the court below given to the jury, and are of opinion that, taken as a whole, they fairly covered all phases of the law applicable to the case made by the evidence. It is not permissible to select isolated sentences from the instructions, and consider them apart from the context. The instructions are certainly much more voluminous than was necessary, but that fact seems to have been occasioned by the requests of counsel. Taken as a whole, we think the instructions fairly presented to the jury the law applicable to the evidence, and that such instructions requested by the plaintiff in error which were refused, and which were otherwise unobjectionable, were covered by the instructions already given by the court. The judgment is affirmed.